## Joe Ivens v. The State.

### No. 5953.   Decided December 8, 1920.

**Murder—Manslaughter—Sufficiency of the Evidence—Self-Defense.**

Where, upon trial of murder and a conviction of manslaughter, appellant insisted on appeal that the evidence of self-defense was conclusive, etc., but the record showed the contrary, and the evidence was otherwise sufficient to sustain the conviction, the judgment is affirmed.

Appeal from the District Court of Houston. Tried below before the Honorable John S. Prince.

Appeal from a conviction of manslaughter; penalty, three years, imprisonment in the penitentiary.

The opinion states the case.

*Adams & Adams,* for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, Judge.—Appellant was charged with murder, and convicted of manslaughter, and his punishment fixed at three years confinement in the penitentiary.

The record discloses no complaint of the ruling of the court in the admission of evidence, or the submission of the issues to the jury. The sufficiency of the evidence to sustain the conviction is the sole question presented for review. The appellant and deceased, Townsend, were both young men. The homicide took place at a party which they attended. During the day preceding the party, a game of basketball had taken place, in which the appellant was engaged

as referee.  A ball which was used in the game rolled out of the court, and was kicked across the court by the deceased, who was a by-stander.  A wordy altercation took place.  There was proof that threats were made both by the appellant and the deceased.  Both were armed at the time of the homicide.  There was evidence, in-troduced by the state, justifying the inference that appellant went to the party expecting trouble with the deceased.  What happened immediately before the shooting was disclosed by the *res gestae* state-ments of the deceased, and the testimony of the appellant.

From appellant's version, it appears that he had been informed that deceased had threatened to shoot him; that while at the party the deceased approached him, and said: ''I reckon we had better settle our little row tonight.''  Appellant stated that he had not intended to hurt the feelings of the deceased, and would apologize; that deceased declined to be mollified, and the appellant insisted up-on postponing the difficulty until the next day, on account of the presence of the parties, that the deceased declined this proposal, and then hit the appellant in the face with his fist.  Appellant said: ''At that time I saw the flash of his gun, and his hand right on it. I had my automatic in my pocket, pulled it, and began shooting.''

Immediately after he fell, according to the testimony of his brother, the deceased said: ''I am done for.''  Asked if he was given a chance he said: ''No, he shot me;'' that he had been playing, and returned for his hat, and when he started to get it the appellant asked him if he wanted to kick another ball, upon which the deceased hit him, and the appellant began shooting.  The evidence showed that the deceased's pistol was in its scabbard, and he remarked before he died that he would have got the appellant if he had not paralyzed his arm so quick.

Appellant, in his cross-examination, made some admissions in-dicating that he was not mad or excited. His counsel insists that the evidence of self-defense was conclusive, and that these admissions should not be allowed to prejudice his right to defend his life.  The declarations, indicating that he was not mad or excited, were not regarded by the jury as depriving him of the benefit of the law of manslaughter, upon which issue the expressions mentioned bore.  We are not able to accept as correct the view that the evi-dence of self-defense was conclusive.  The appellant had been ad-vised that the deceased had threatened him.  There was ill-will be-tween them, and the appellant armed himself, went to the place where he expected to meet the deceased, declaring, according to the testimony, that he was prepared to meet him, and that he was able to shoot quicker than the deceased.  When he did meet him, according to the State's testimony, he asked the deceased if he wanted to kick another ball.  This remark, considered in connection with the altercation at the basket ball game, which grew out of the

fact that the deceased had kicked a ball, was apparently calculated to bring on a conflict. The deceased did respond tò it with a blow, which was followed by the shot from the appellant's pistol. We cannot say that it evidently appears that by the verdict injustice was done.

The judgment is affirmed.

*Affirmed.*